NOT FOR PUBLICATION (Doc. No. 19, 25)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| THE CONNELLY FIRM, P.C. | |
| Plaintiff | Civil No. 15-2695 (RBK/JS) |
| v. | |
| | **OPINION** |
| U.S. DEPARTMENT OF THE TREASURY, et al. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motions of the Defendant United States of America ("the United States") to dismiss Plaintiffs' first and second amended complaints. (Doc. No. 19, 25.) The United States' motion to dismiss (Doc. No. 19) Plaintiffs' first amended complaint is denied as moot. For the reasons expressed herein, the United States' motion to dismiss (Doc. No. 25) Plaintiffs' second amended complaint is granted.

## I.   BACKGROUND

Plaintiffs in this action are The Connelly Firm, P.C. ("CFPC"), a Philadelphia Law Firm that ceased operations in 2012; Thomas Connelly, Esquire ("TCE"), a sole proprietorship law practice operating in New Jersey; and Thomas P. Connelly, Jr. ("Connelly"), the sole shareholder of CFPC and sole proprietor of TCE, (collectively referred to herein as "Plaintiffs"). (Second Am. Compl. ¶¶ 8–12.) Plaintiffs name as Defendants the U.S. Department of the Treasury, the U.S. Internal Revenue Service (IRS), and IRS Officer Michael Tarantella ("Tarantella"). (Id. ¶¶ 13–15.)

Plaintiffs' causes of action are related to the 2013 bankruptcy filing of CFPC.  On April 25, 2013, CFPC filed for Chapter 7 bankruptcy in the Eastern District of Pennsylvania.  (Id. ¶ 18.)  Plaintiffs allege that while the bankruptcy was pending, the IRS attempted on numerous occasions to collect from CFPC and Connelly a tax obligation owed by CFPC to the United States.  (Id. ¶ 19.)  From December 2013 to June 2015, the IRS apparently sent sixteen collection letters via mail and fax to Connelly, two of which threatened Connelly with personal liability for CFPC's debts.  (Id. ¶¶ 20–21.)  Tarantella allegedly also threated Connelly over the phone, id. ¶ 22, and appeared at the Law Offices of Elkind and Dimento, P.A. in March 2015, where Connelly was then employed.  Tarantella apparently confronted Anthony Dimento, Esq. ("Dimento") over CFPC's debt and threatened to subpoena him.  (Id. ¶ 26, 28.)  Elkind and Dimento, P.A. has no affiliation with CFPC, and therefore Dimento could provide Tarantella with no information.  (Id. ¶ 27.)  Connelly sent repeated letters to the IRS and Tarantella—both before and after Tarantella's visit to Elkind and Dimento—notifying them that CFPC's bankruptcy was pending and that their collection efforts were violating the automatic stay provision of the Bankruptcy Code.  (Id. ¶ 23, 31.)

On March 23, 2015, Plaintiffs filed a Complaint against the U.S. Department of Treasury and IRS in the Superior Court of New Jersey, Camden County, Law Division, Special Part, alleging that the IRS violated the automatic stay imposed under 11 U.S.C. § 362 .  (Id. ¶¶ 32–33.)  The United States removed the action to this Court on April 15, 2015 pursuant to 28 U.S.C. §§ 1442(a)(1), 1452(a), and 1334(b).  On July 1, 2015, Plaintiffs moved to file an amended complaint, which Magistrate Judge Schneider granted on September 20, 2015.  On September 14, 2015 filed an Amended Complaint, naming as Defendants the Department of Treasury, the IRS, Tarantella, and CFPC's Bankruptcy trustee Bonnie Finkel ("Finkel"). (Doc. No. 12).  On

October 6, 2015, Plaintiffs terminated the action as against Finkel. (Doc. No. 18). Shortly thereafter, on October 13, 2015, the United States filed a Motion to Dismiss the Amended Complaint under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction, lack of standing, and insufficient service of process. (Doc. No. 19.) Plaintiffs then filed a Second Amended Complaint pursuant to Rule 15(a)(1)(B). (See Doc. No. 20.) The Second Amended Complaint raises a RICO claim under 18 U.S.C. § 1962 (Count I); state law claims for tortious interference with a prospective economic advantage (Count II), unlawful interference with contractual relations (Count III), and violations of New Jersey rules against frivolous litigation (Counts V and IV); a claim for Retaliation per se under Section 1203 of the IRS Restructuring and Reform Act of 1988 (Count IV & V); and a violation of the automatic bankruptcy stay under 11 U.S.C. § 362 (Count VI.)

      The United States again moves to dismiss the Second Amended Complaint for lack of jurisdiction, or, alternatively for failure to state a claim upon which relief can be granted. (Doc. No. 25.) Having been briefed by the parties, the issues are now ripe for the Court's review.

      **II.    STANDARD OF REVIEW**

      Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

      A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. Gould Elecs., 220 F.3d at 176. "In reviewing a facial attack, the court must only consider the

allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In reviewing a factual attack, the court may consider evidence outside the pleadings." Gould Elecs., 220 F.3d at 176 (citing Gotha v. United States, 115 F.3d 176, 178–79 (3d Cir. 1997)); see United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007).  A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

4

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678-79.

### III. DISCUSSION

The United States moves to dismiss Plaintiffs' claims based on lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." In re Corestates Trust Fee Litig., 837 F. Supp. 104, 105 (E.D. Pa. 1993).

#### A. RICO (Count I) and State Law Claims (Count II–V)

The United States argues that Plaintiffs' claims against the U.S. Department of Treasury, IRS, and Tarantella in his official capacity are actually claims against the United States, which is entitled to sovereign immunity from Plaintiffs' RICO and state law claims. The Court agrees. "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." Treasurer of New Jersey v. U.S. Dept. of Treasury, 684 F.3d 382, 395–96 (3d Cir. 2012) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)). Here, Plaintiffs' claims against the U.S. Department of Treasury, the IRS, and Tarantella in his official capacity are claims against the United States. See id.; see also Snyder v. Lipuma, No. 05-3919, 2006 WL 1303135, at *2 (D.N.J. 2006) ("[T]he real party in interest here is the United States as a suit against an IRS employee in his official capacity is in reality a suit against the United States . . . . The IRS enjoys sovereign immunity as an agency of the United States unless that immunity has been waived by Congress." (internal quotation marks and citations omitted)).

To confer subject matter jurisdiction on a court, a waiver of sovereign immunity must be express and unambiguous. Id. at 396 (citing United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000)). Plaintiffs' RICO claims may not proceed because RICO does not waive sovereign immunity. See Jones v. Nat'l Comm. and Surveillance Networks, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006), aff'd 266 Fed. App'x 31 (2d Cir. 2008); Jennette v. Holsey, No. 3:06CV974, 2006 WL 1984734, at *2 (M.D. Pa. 2006) (citing Donahue v. Federal Bureau of Investigation, 204 F. Supp. 2d 169, 173–74 (D. Mass. 2002)). The Court also lacks jurisdiction over plaintiffs state law claims for tortious interference with prospective economic advantage (Count II) and unlawful interference with contractual relations (Count III) because Congress explicitly excluded from waiver under the Federal Tort Claims Act tortious interference with contract claims. See 28 U.S.C. § 2680(h); see also Emami v. Bolden, -- F. Supp. 3d --, 2016 WL 1382130, at *4 (E.D. Va. 2016) (finding no jurisdiction over tortious contract claims). Plaintiffs also bring claims against the United States under N.J.S.A. 2A:15-59.1 and New Jersey Court Rule 1:4–8 (Counts IV and V), both of which allow New Jersey courts to impose sanctions against a litigant pursuing a frivolous lawsuit or defense. Even assuming Plaintiffs could state valid causes of actions under these statutes, the United States cannot be liable for state-law causes of action unless Congress has waived the United States' sovereign immunity, which it has not done.

The Court also finds that it lacks jurisdiction over these claims as asserted against Tarantella in his individual capacity must be dismissed. Plaintiffs attempt to bring claims against Tarantella in his individual capacity for Tarantella's conduct in attempting to collect the tax debt owed by CFPC. (See, e.g., Second Am. Compl. ¶¶ 22, 35, 42, 56.) Plaintiffs' claims against Tarantella cannot stand because Plaintiffs cannot sue Tarantella for actions in connection with the collection of a tax debt. See, e.g., People of Pennsylvania ex rel. Evans v. Smith, No. 01-

5688, 2002 WL 471822, at *1 (E.D. Pa. Feb. 19, 2002) ("[A] taxpayer cannot sue an individual IRS agent for actions he or she has taken to assess and collect unpaid federal taxes. The only proper defendant here is the United States."); Wheeler v. O'Hanlon, No. 95-60, 1995 WL 809754, at *3 (W.D. Pa. Oct. 31, 2005) ("We conclude in the instant case that Plaintiff is essentially complaining about actions taken by Defendants as agents of the IRS and the United States. Accordingly, the suit is in actuality one against the United States and is barred under the doctrine of sovereign immunity.").

Accordingly, Plaintiffs' RICO and state law claims against the U.S. Department of Treasury, the IRS, and Tarantella, in his official and individual capacities, are dismissed.

### B. Counts IV and V:  Retaliation under Section 1203 of the IRS Restructuring and Reform Act of 1988

The Court similarly finds that it has no jurisdiction over Counts IV and V to the extent they allege violations of Section 1203 of the IRS Restructuring and Reform Act of 1988. Plaintiff brings a claim of "retaliation per se" under the statute. Section 1203 of this statute, codified as a note to 26 U.S.C. § 7804, is titled "Termination of Employment for Misconduct" and provides that "the Commissioner of Internal Revenue shall terminate the employment of any employee of the Internal Revenue Service if there is a final administrative or judicial determination that such employee committed" certain conduct, including "violations of the Internal Revenue Code of 1986, Department of Treasury regulations, or policies of the Internal Revenue Service (including the Internal Revenue Manual) for the purpose of retaliating against, or harassing, a taxpayer."[1]  See Internal Revenue Service Restructuring and Reform Act, Pub. L.

---

[1] The statute also provides that an IRS Officer shall be terminated for conduct such as providing a false statement under oath concerning a taxpayer, "falsifying or destroying documents to conceal mistakes made by any employee with respect to a matter involving a taxpayer," or "assault or battery on a taxpayer." Pub. L. No. 105–206, § 1203.

7

No. 105–206, § 1203, 112 Stat. 685, 720–22 (1998) (emphasis added).  Thus, although the statute functions as a means to terminate an IRS employee for cause, it does not provide a private cause of action for termination of an IRS agent, much less damages, on grounds of retaliation. See Kenny v. United States, No. 08-3921, 2009 WL 276511, at *5 (D.N.J. Feb. 5, 2009) (explaining that Section 1203 does not provide a private cause of action).  As such, Plaintiffs' claim is dismissed for lack of jurisdiction.

### C.  Violation of the Automatic Stay Provision, 11 U.S.C. § 362

Plaintiffs Connelly and CFPC allege that Defendant violated the automatic stay by continuing collection activities against Connelly and CFPC, in violation of 11 U.S.C. § 362 and 26 U.S.C. § 7433.  Plaintiffs appear to be seeking only attorney's fees.  (See generally, Sec. Am. Compl. at Count VI.)  The automatic stay provision under § 362(a) of the Bankruptcy code is intended to allow the bankruptcy process "an opportunity to resolve competing economic interests in an orderly and effective way."  In re Mu'min, 374 B.R. 149, 154 (Bankr. E.D. Pa. 2007) (internal quotation marks omitted).  As such, it is meant to "(1) effectively stop all creditor collection efforts; (2) stop all harassment of a debtor seeking relief; and (3) maintain the status quo between the debtor and creditors."  Id.

The United States alleges that Plaintiffs do not have standing to pursue a claim under § 362 because at the time they filed suit, the trustee had not yet abandoned the estate's claims.  "In the context of bankruptcy proceedings, it is well understood that 'a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy has been filed.' . . . The commencement of Chapter 7 bankruptcy extinguishes a debtor's legal rights and interests in any pending litigation, and transfers those rights to the trustee, acting on behalf of the bankruptcy

estate." Moses v. Howard Univ. Hosp., 606 F.3d 789, 795 (D.C. Cir. 2010) (citations omitted). Courts in other jurisdictions have held that the trustee is the only party with standing to raise a violation of § 362. See, e.g., In re Bucchino, 439 B.R. 761, 774 (Bankr. D.N.M. 2010); In re Young, 439 B.R. 211, 217–18 (Bankr. M.D. Fla. 2010); In re Walker, 356 B.R. 834, 854 (Bankr. S.D. Fl. 2006). Courts within this circuit however have not yet held so broadly. See In re Gronczewski, 444 B.R. at 532 ("I need not hold broadly that a chapter 7 debtor never has standing to prosecute a § 362(a)(3) stay violation."). Here, the Court finds that it need not hold that only a trustee has standing to pursue a § 362 stay violation because even if CFPC as the Chapter 7 debtor does have standing, Plaintiffs have not established that either CFPC or the trustee exhausted its administrative remedies, which is another jurisdictional threshold.

Here, Plaintiffs seek attorney's fees in connection with litigating their § 362 claim. Under 26 U.S.C. § 7430,[2] a prevailing party may be awarded litigation costs for any administrative or court proceeding brought by or against the United States in connection with the collection of a tax but only when the plaintiff has exhausted its administrative remedies. § 7430(a)–(b). The implementing regulation for § 7430 provides, in part,

> a party has not exhausted administrative remedies within the Internal Revenue Service with respect to asserted violations of the automatic stay under section 362 of the Bankruptcy Code . . . unless it files an administrative claim for damages or for relief from a violation of section 362 or 524 of the Bankruptcy Code with the Chief, Local Insolvency Unit, for the judicial district in which the bankruptcy petition that is the basis for the asserted automatic stay or discharge violation was filed pursuant to § 301.7433–2(e) and satisfies the other conditions set forth in § 301.7433–2(d) prior to filing a petition under section 7433.

26 C.F.R. § 301.7430–1. Plaintiffs have not alleged nor provided any evidence that CFPC complied with these regulations and exhausted its administrative remedies. Plaintiff Connelly's

---

[2] Plaintiffs assert that they are bringing their cause of action for only attorney's fees under 26 U.S.C. § 7433, but attorney's fees are not recoverable as actual damages under this provision. See 26 C.F.R. § 301.7433-2(b). Instead, Plaintiff must pursue those damages under 26 U.S.C. § 7430. See id.

documentation regarding his personal tax penalties, see Doc. No. 26 Ex. B., does not satisfy the Court of CFPC's duty to administratively exhaust its remedies to proceed with its § 362 claim. Accordingly, this Court finds that it does not have jurisdiction over Plaintiffs' § 362 claim and therefore dismisses Plaintiffs' claim without prejudice.[3]

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Second Amended Complaint is dismissed for lack of subject matter jurisdiction. Counts I–V are dismissed with prejudice because any amendment thereof would be futile. Count VI is dismissed without prejudice.

Dated: 4/18/16                                                                 s/Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge

---

[3] Plaintiffs are correct that a dismissal on exhaustion grounds is without prejudice because Plaintiffs can refile and proceed with their claims if and when they can establish that either CFPC or its trustee has exhausted its administrative remedies.